---

### EX-PARTE, TATE.

The collectors are entitled to a fee of twenty-five cents for each tract of land or town lot "bid in" by them for the State at the sales for taxes, under the act of 1845 providing for levying, assessing and collecting the revenue.

Petition for Mandamus.

Napton, J. delivered the opinion of the court.

This was a petition by the collector of Lewis county for a mandamus upon the auditor of public accounts. The petition alleges, that by virtue of the act, "to provide for levying, assessing and collecting the rev-

enue," approved 27th March, I845, the petitioner, as collector of Lewis county, did offer for sale the several tracts of land and town lots advertised to be sold by the register of lands, and that at such sale, there being no other bidders therefor, he did in pursuance of the ninth section of the fifth article of said act, bid in for the State three hundred and fifty-two tracts for the taxes, interest and costs due thereon, and that he presented to the auditor of public accounts a certificate of the register of lands setting out the number of tracts and town lots so sold to the State. The petitioner further alledges, that on a settlement with the auditor, he paid into the treasury the full amount of the proceeds of such sales, deducting the fees allowed by law for advertising and selling, and claimed a credit of eighty-eight dollars, that being the amount of fees due upon three hundrd and fifty-two tracts of land and town lots sold by the petitioner to the State of Missouri. The credit not being allowed by the auditor, the petitioner prays for a mandamus, &c.

The answer of the auditor admits the facts as stated in the petition, but relies upon the provision of the act above referred to, as not authorizing the allowance of this fee to the collector.

The 22d section of the 5th article of the act fixes the compensation of the different officers who are concerned in its execution. By this section, the collector is allowed five cents for advertising each tract or town lot, when that advertisement is made in a newspaper, and ten cents for each tract when the advertisements are put up in the township, and twenty-five cents for each tract of land or town lot that may be redeemed, and the sum of twenty-five cents for every piece of land or town lot "sold by him."

The construction put by the auditor upon this last clause, is that the collector is only entitled to the fee of twenty-five cents for each tract or town lot sold to individuals. The auditor supposes the fee designed to be a compensation to the collector for his trouble in writing a certificate where he sells to an individual, or a receipt where a tract or lot is redeemed ; and inasmuch as no such certificate is given where the land is bid in for the State, the collector is not entitled to any fee. It is further insisted, that under the provisions of this law, there cannot in truth be any sale to the State, in the proper legal sense of that term: that the State acquires no title, in any event, or upon any contingency, and therefore it would be a misnomer to speak of a sale to the State. This construction the auditor thinks is strengthened by an examination of other sections, in which the words used in the 22d section, " lands

sold," obviously do not mean lands sold to the State, but only those purchased by individuals.

On the other hand, we are referred to several sections of the act, in which these terms are used to embrace sales to the State as well as to individuals.

The ninth section requires the collectors to expose for sale all the lands remaining unredeemed on the first Monday of October, for the taxes, interest and costs due thereon, and to sell so much of the tract as will pay the taxes, interest and costs; and if no person will pay this amount the collectors are directed to *bid them in for the State*, and not expose them again for sale. The tenth section directs the collector to make out a list of the lands and lots exposed to sale, with a description of them, stating *to whom sold—whether to an invidual or the State.*

There is certainly much difficulty in giving any very satisfactory construction of this act. To reconcile all its provisions with each other is impossible. It will be seen that in many of the sections, the term "lands sold" is applied exclusively to lands sold to individual purchasers; in others, the term applies both to sales to the State and to individuals. The meaning of the phrase in the sections referred to, is fixed by the context. In the 22d section, the clause which gives the fee of twenty-five cents for every tract sold by the collector is isolated, and there is nothing in the context, or in any other portion of the act, from which any inference can be drawn either one way or the other. The words themselves are clear enough, and broad enough to embrace sales to the State as well as to individuals; and under such circumstances we are unable to see any principle upon which they can be limited or restricted.

It is supposed that the fourteenth section presents an insuperable obstacle to this construction. This section provides for the redemption of the lands sold within two years, and prescribes the terms upon which this can be done; and the last clause further provides for the penalty in case a purchaser of lands sold for taxes shall suffer them to be sold a second time. It is certain that this last clause of the section does not apply to the State, but we see no reason why the State may not be embraced among the purchasers mentioned in the first part of the section. The supposed conflict which such a construction would create between this and the fifth section is easily reconciled. The register in certifying out the taxes, interest and costs due upon the land, which had been offered for sale the previous year, and bid in by the state, would only place the State upon the same footing with private purchasers, by adding the hundred per cent.

The construction contended for by the auditor would present the singular circumstance, that between the 1st Monday of October and the first of June, lands could not be redeemed, though the manifest spirit and intent of the whole law is to procure revenue at as little inconvenience to the tax payers as practicable.

Admitting, however, this construction to be doubtful, and that the fourteenth section does not embrace lands sold to the State, the argument remains where it was before. In many provisions the words are used in this sense, and in others, perhaps, they are not so used. There is nothing inferrable from this circumstance against the plain, natural and ordinary import of the language. As to the title which passes by these sales, either to individuals or to the State, we do not see that the present case requires any such investigation. The tenth section speaks in terms, of land sold to the State; the twenty-second section allows the fee of twenty-five cents for each tract sold, not restricting the fee or tax to any particular kind of class of sales, and whether any title passes either by one sale or the other is not material. The collector puts up the tract or lot, and informs the by-standers of the amount for which the tract or lot can be bought. In ascertaining this amount, he includes the fee of twenty-five cents allowed him by law. Does the law deprive him of this fee, because he buys in the land for the State? We think not.

Let the peremptory mandamus go.